CYRUS ALDEN *et al.*

*v.*

ROSE GOLDIE *et al.*

TRUST DEED—*place of sale.* Where a trust deed provides for sale of premises, on default of payment, "at the north door of the court house in said city of Chicago," these words are not restrictive to the site of the court house in existence at the date of the instrument, but, in case of its destruction by fire, the sale may be advertised and made at the north door of the building in use for a court house.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Mr. W. T. BURGESS, for the appellants.

Mr. A. T. GALT, for the appellees.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was a bill for an injunction to restrain the advertised sale of a certain lot in the city of Chicago, under a trust deed given for the security of the payment of a promissory note, upon the ground that the trust deed did not authorize a sale at the place advertised.

The bill of complaint sets out that the trust deed was executed on the 11th day of October, 1869, authorizing a sale of the premises, in case of default in the payment of the note mentioned, at the north door of the court house, in the city of Chicago, county of Cook, and State of Illinois, which was then situated on the square bounded by Washington, LaSalle, Randolph and Clark streets in said city, and that the north door of the court house specified in the trust deed was the door of said court house fronting Randolph street, and between Clark and LaSalle streets, and that that place, and no other, was intended by the parties to the deed as the place where such sale might take place; that at the place where the sale was advertised to take place there was no court house in existence at the time the trust deed was executed, and no building there known as a court house at that time.

The bill called for the answer of the defendants under oath. They answered under oath, and the cause was heard on the bill and affidavit of one of the complainants and answers of the defendants, and a decree entered enjoining the sale, as prayed.

The answers set up that the building known as a court house, in Chicago, on the 11th day of October, 1869, the time of the execution of the trust deed, was destroyed by the great fire of

October, 1871; that, at the time of the filing of the bill of complaint, and for more than a year prior thereto, all the buildings on the square where said court house was situated had been wholly removed, even to the foundation stones thereof, and that the square itself was then, and had been for about six months prior thereto, surrounded by a board fence about ten feet high, and the public totally excluded therefrom; that about the 1st of April, 1872, the circuit court and the Superior Court of Cook county began to be held at the building on the corner of Adams and LaSalle streets in said city, the one specified in the notice of sale, and have ever since been held at said building, and processes issued from said courts have been made returnable to that place as the court house of said county; that said building on the south-east corner of Adams and LaSalle streets has, ever since said time, been well known as the court house of Cook county, and then had, and always since had, two north doors or principal entrances, within speaking distance of each other, about sixty feet apart, fronting on Adams street, and if there be any difference in publicity, the one nearest LaSalle street is the most public, and that a sale, if made at the place designated in the notice, will be at least as open, public and notorious a place as if the building was still standing on said " square," as it was in 1869, with its. " north door" untouched, and the sale made there.

The sale was advertised to be made on the 11th day of May, 1876, at 11 o'clock A. M., " at the entrance door nearest to LaSalle street on the north side of the court house, namely, the building used as a court house, situated on the south-east corner of Adams and LaSalle streets, in the city of Chicago, in the State of Illinois."

The bill was filed on the 10th day of May, 1876.

It is insisted that the intention was, that the sale should be at the north door of the *then* court house, at the time of the execution of the trust deed. But the intention is to be derived from the language of the trust deed. There is nothing in that restrictive of the place of sale to the site of the then existing court house. But it is general, authorizing the sale

" at the north door of the court house in said city of Chicago."
The advertisement of sale is, at a designated north door of the
court house in the city of Chicago.

The place, as advertised, fulfills, in terms, the requirement
of the trust deed. It abundantly satisfies its true spirit and
intent.

The affidavit of one of the complainants, if it could be
looked at for any purpose upon the final hearing, shows nothing
material as bearing upon the question, more than that there
is a court house on the north side, in the city of Chicago,
where the criminal court and county court of Cook county
are held, and which has a north door. This does not militate
against the fact that the building on the corner of Adams and
LaSalle streets is well known as the court house in the city
of Chicago, and is properly to be designated as such.

We are of opinion that the place of the advertised sale
comes within the terms of the trust deed; that a sale of the
property may properly be had at that place, as being author-
ized by the trust deed, and that it was error to restrain the
sale.

The decree is reversed, and the cause remanded for further
proceedings in conformity with this opinion.

*Decree reversed.*